JAMES MADDOX AND OTHERS
vs.
HENRY H. DENT EXC'R OF
JAMES BRAWNER AND OTHERS.

MARCH TERM, 1848.

[DUTIES AND RESPONSIBILITIES OF TRUSTEES—PRACTICE IN CHANCERY.]

A TRUSTEE or his administrator may be called upon *by petition* to bring the trust fund into court, and to account therefor; and the administrator may also be required in such proceeding, to account for the personal estate of the trustee.

A trustee was appointed to sell the real estate of a deceased party, for the payment of his debts in 1830, and made and reported the sale which was affirmed, *nisi,* in 1831, and in 1842 he was called upon by the heirs at law of the deceased to account for the purchase money. HELD—That after this

lapse of time the trustee must not only be presumed to have received the purchase money, but is responsible for it whether he received it or not.

Upon a creditor's bill, the claim of the complainant creditor as stated in his bill, is ascertained and established by the decree.

Real estate was directed by a will to be sold by the executor for the benefit of all parties interested in the estate, which was accordingly sold by the executor under the act of 1831, ch. 315, sec. 10. HELD—That the proceeds of such estate is to be treated as a portion of the personal assets, and is liable for the debts of the testator.

———

[The facts of this case are fully stated in the following opinion of the *Honorable Nicholas Brewer*, Associate Judge of the Third Judicial District, to whom the cause was certified by the Chancellor, he having been the counsel for one of the parties thereto.]

———

OPINION BY JUDGE BREWER :

This cause having been referred to me by certificate of his honor, the Chancellor, of the 19th of January, 1845, was argued by counsel on the part of the defendants, petitioners, and Henry H. Dent, executor of James Brawner, on the petition of Isaac Maddox's heirs, and on exceptions to the report of the Auditor of the Chancery Court.

A decree passed in Charles County Court for the sale of the real estate of Isaac Maddox, November 26th, 1830, for the payment of his debts, and James Brawner was appointed trustee, who made and reported the sale November 30th, 1831, which was duly confirmed, it is presumed, although no final order of ratification is found among the papers.

No account was passed distributing the proceeds, and on the 30th of November, 1834, the heirs, who were infants when the decree passed, filed their petition, praying that the purchase money might be brought into court, upon which an order, *nisi*, was passed to bring it in, but subsequently, on the 14th of June, 1843, and the 18th of June, 1844, orders were passed referring the cause to the Auditor, who reported two accounts, A. and B., and on the 15th of August, 1844, account C., charging the trustee with the proceeds of sale, and distributing them among creditors. To these reports and accounts objections were filed

on the 20th of October, 1844, because certain claims therein mentioned were paid by Henry Brawner, executor of Maddox, not by the trustee, and were not legally proved, and one claim was not legally proved, nor a proper claim against the estate.

In this state of the case, it was transferred to this court on the 18th of December, 1845, and on the 23d of January, 1846, the Chancellor passed an order referring the case to the Auditor of this court, with directions to state a final account, from which he will exclude all claims against which the Statute of Limitations has been relied on, and which appear to be barred, and also all claims which have not been sufficiently authenticated. In pursuance of this order, the Auditor made his report on the 27th of February, filed 4th of March, 1846, allowing expenses and complainant's claim, and distributing the residue between the heirs, but recommending a suspension of the final order until some evidence should be furnished of the widow's claim in lieu of dower, she having agreed by answer to accept the same, and also submitting whether complainant's claim could be allowed.

After the filing of this account, James Brawner died, and his death was suggested on the 17th of July, 1846, and another petition was filed by the heirs, stating the death of the trustee, and that H. W. Dent was his executor, and praying that he might be made a party to the suit, upon which the Chancellor passed an order on the 18th of the same month, that the said Dent bring into court all sums of money which may have come into his hands, or into the hands of his testator, by virtue of the trust, or show cause to the contrary.

The claim of the widow ought to be no obstruction now to the final adjudication of this case. She was a party to the suit consenting that the land should be sold clear of dower, and it was her province to present proof by which the amount of her allowance might be ascertained, and she has had ample time, both before and since the Auditor's report, to do so, and having neglected it, the case cannot be retarded further on that account. The complainant's claim, as stated in the bill, is ascertained by the decree, and cannot now be disputed. The

other claims are all objected to for want of proof, and are not legally proved. The Statute of Limitations is also relied on against them, and is a bar, and there seems to be no objection to a confirmation of the Auditor's report and accounts.

But since the statement of the account, the trustee has died, and the administrator is brought into court on a petition, and required to bring into court the purchase money received by the trustee or by himself. There would be no difficulty in ordering the trustee to do so were he alive, nor in requiring the same of the executor if he admitted, or it was proved that he had received it, or that it was in his possession as administrator sufficiently identified, or that he had sufficient assets of the testator in his hands. There is neither allegation, admission or proof of the first two, nor as it appears to me, of the last. There is certainly no allegation in the petition that the executor has sufficient assets, nor is there any proof taken in reference to them.

The executor, by his answer, denies that he has any cash assets whatever, and does not admit that he has any other, or to what amount. It is, therefore, this 20th day of June, 1848, adjudged and ordered, that the Auditor's report and account, filed March 4th, 1846, be, and the same is hereby ratified and confirmed, and the petitioner has leave to amend his petition if he think proper, so as to make a sufficient case against the executor, and establish it by proof, or his petition must be dismissed.

———

[In pursuance of this order, the heirs at law amended their petition against Dent, the executor of the deceased trustee, Brawner, charging that Brawner left assets which have come to the hands of said Dent, as executor, greatly more than sufficient to pay all the debts and liabilities of every kind due by Brawner; that Dent, as such executor, has sold large amounts of property, and received large sums of money for the same, which he now has in his hands, and that he has cash and other assets more than sufficient to meet the petitioners' claims due by said Brawner, but all other claims against him. The peti-

tion then prays for an account of such assets, and for general relief.

The answer of Dent to this amended petition denies that he has ever received any part of the trust fund, and alleges his belief that Brawner fully accounted, as trustee, for every cent of the funds which came to his hands, to the creditors entitled thereto, and insists that the lapse of time which has occurred since the sale made by him as trustee, is a full and sufficient defence against any claim on account of the purchase money. That Maddox, at the time of his death, was notoriously insolvent, and that the claim of his heirs against the estate of Brawner is unjust and unconscionable. The answer then further objects that the executor is not properly accountable in this form of proceeding. He denies that he has received assets sufficient to pay Brawner's debts, and insists that said Brawner is largely insolvent. He then proceeds to give an account of his proceedings as executor, and refers to his accounts passed in the Orphans Court as evidence thereof. By an amended answer subsequently filed, Dent, as executor, exhibits the will of James Brawner, by which certain real estate was devised to Dent, or the proceeds of the sale thereof, in trust for the use of the testator's wife, for life, and after her death to his son and grandson, equally, and the said Dent, as executor, was given, by the will, full power to sell and dispose, invest and reinvest any and all parts of his estate, real, personal and mixed, in such manner as he may deem for the benefit of the estate, and the testator's wife, sons, and grandson, and all others interested therein. The amended answer then states that he has sold the real estate devised for the benefit of the testator's wife, for life, and has received $1800, one-half of the purchase money, and insists that he has charge of this as trustee for the devisees named in said will, and not as executor, and therefore, he insists that to affect this fund, the said devisees ought to be made parties, and unless they are so made parties, the fund ought not to be interfered with in any way by this court, and even if they were made parties, the court would not be competent in this form of proceeding to affect the same

in any way. Upon these answers, and exhibits filed therewith, the Judge delivered the following opinion.]

OPINION BY JUDGE BREWER:

Since the order of the 20th of June, 1848, the petition of the heirs of Isaac Maddox has been, in part, amended, in pursuance of that order, an answer and amended answer of Henry W. Dent, executor of James Brawner, filed thereto, some testimony taken, and the case again argued.

The first objection of the defendant is to the form of the proceeding. They say that the petitioners should have filed an original bill, and that the executor of James Brawner cannot be made to account for the assets of the deceased on a mere petition, because it would be necessary to call in all the creditors by notice, and settle the whole estate. In 3 *Bland's Ch. Rep.*, 284, the Chancellor says, on a similar petition, that the trustee may be ordered to bring the money into court, and so may his administrator, if he have received any part of the purchase money, and also may be required to account. And there is no reason why he should not. The parties interested cannot well ascertain who has received the purchase money, or what part, or how it has been applied, without calling upon the administrator, who has all the trustee's papers. The power to bring him in for that purpose is admitted, and as he may have nothing of that fund in his hands, and may have assets, it is a very convenient practice to frame the petition with that aspect also, that if the petitioner cannot lay hold of that fund he may in the same proceeding recover his claim from the general assets of the trustee, in case he has received and misapplied it. The defendant answers on oath, and the same effect is given to his answer as if it were to a bill. Testimony may be taken as conveniently, notice given to creditors, and the whole estate administered as well as on an original bill.

Another objection is, "that there is neither allegation or proof that the trustee ever received the purchase money." There is certainly no allegation to that effect in any of the petitions filed. The petitioners, defendants and the court, all seem to have

taken that for granted. The petitioners pray that the trustee may bring in the purchase money. The court passes an order that first the trustee and then the executor shall bring in the purchase money, or show cause to the contrary, and the executor in answer contends, not that the money was never received, but that the trustee had paid it away to the creditors, and that is the whole ground of defence as to the trustee. Testimony has been taken to sustain it, and in truth, the trustee must after this lapse of time not only be presumed to have received it, but is responsible for it, whether he has received it or not. The purchaser's bond and his own have long been subject to the plea of limitations, and he has neither brought the purchaser's bond into court nor communicated to the court any difficulty in the recovery of the amount. 1 *Bland,* 410. It is also too late now, at the hearing of the cause, to make such an objection. There is neither allegation nor proof that the executor ever received any part of the purchase money from the purchaser, or holds it as a distinct fund in his testator's estate, and as the claim of the petitioners could only be a lien upon such a fund, they can only, therefore, come in among the general creditors of James Brawner's personal estate, of which an account will be ordered.

The next question is, whether the purchase money of James Brawner's land, the sale of which was ratified by the Orphans Court, is to come in as a part of the personal estate. It seems to me, however, hardly to be a question. The will of James Brawner gives to his executor the power to sell and dispose of, and invest, and reinvest, any, and all parts of his estate, real, personal and mixed, in such way and manner as he may deem for the benefit of his estate and the interest of his said wife, sons and grandsons, and all others who may become interested in his estate. It is superfluous to ask whether his creditors are not so interested.

The executor has sold the land in question, and the sale has been reported to, and ratified by the Orphans Court, under the act of 1831, ch. 315, sec. 10, and by the same section, he is bound to account therefor to the Orphans Court, in the same

manner as for the sales of the personal estate, and by the 11th section, his bond is made answerable therefor. The executor is as much bound to account for this fund in this court as in the Orphans Court, and it being treated as personal property, it is not necessary to make the heirs parties to this proceeding. The widow, however, is not to be deprived of her rights. She is to be treated as a purchaser for valuable consideration of the devise to her, and is to receive the interest of the whole residue of the purchase money after the payment of debts, for her life, or if she prefer it, a gross sum in lieu thereof, which may not exceed the value of her dower, the latter to be paid to her in preference to the claims of creditors.

---

[From the order passed in pursuance of the above opinion, the defendants appealed, and so far as the views stated in said opinion are concerned, the order was affirmed by the Court of Appeals, at its December term, 1853. See 4 *Md. Rp.*, 522.]

---

NICHOLAS BREWER, of JNO., for Complainants.
CORNELIUS McLEAN, for Defendants.